IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TRAE JAVAR COMPTON, | : | |
| Petitioner, | : | 1:19-cv-0354 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| DAVID J. EBBERT, | : | |
| Respondent. | : | |

# **MEMORANDUM**

# **May 21, 2019**

Petitioner, Trae Javar Compton ("Compton"), an inmate confined in the Special Management Unit ("SMU") at the United States Penitentiary at Lewisburg, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, on February 28, 2019, "challenging the validity of the non-resubmission to the S.M.U. Programe [sic] that lengthin [sic] time and sentence under saving clause 28 U.S.C. 2255(e)." (Doc. 1, p. 2). The Court has undertaken preliminary consideration of the petition and, for the reasons discussed below, the Court will dismiss the petition for lack of subject matter jurisdiction. *See* 28 U.S.C. § 2243; *see also* R. GOVERNING § 2254 CASES R.4, R.1(b).[1]

---

[1] Rule 4 of the Rules Governing § 2254 Cases provides "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) states that the rules are applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court.

I.  **BACKGROUND**

Compton contends that he has been in the SMU program since August 9, 2016, "which its [sic] a 9 to 13 month program an [sic] not more then [sic] 24 month [sic] consecutive." (Doc. 1, p. 2). He indicates that he did not consent to restart the program and that resubmission to the program requires a hearing to be held by the Central Office. (*Id.*). He asserts that his constitutional rights have been violated because he has not received a hearing by the Central Office and his resubmission to the program has not been approved by the Regional Director. (*Id.* at 2, 3). He seeks release from the SMU program and an immediate transfer. (*Id.* at 4).

II. **DISCUSSION**

Habeas relief is available to challenge the fact or duration of confinement, *Preiser v. Rodriguez*, 411 U.S. 475, 498-99 (1973); *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002). The claim that placement in the SMU may be brought *via* a habeas petition because it implicates the execution of a sentence and duration of confinement has been presented to, and rejected by, the United States Court of Appeals for the Third Circuit. *Cardona v. Thompson*, 681 F.3d 533, 537 (3d Cir. 2012) (finding that prolonged placement in the SMU does not concern the execution of a sentence because such placement is not inconsistent with the

judgment of sentence). The claim is not cognizable in a habeas petition. Rather, it must be brought in a civil rights action. (*Id.* at 535).

## III. <u>Conclusion</u>

Based on the foregoing, the petition for writ of habeas corpus will be dismissed for lack of subject matter jurisdiction.[2]

The Court will enter a separate Order.

---

[2] Compton is pursuing this very claim in a civil rights action, *Compton v. Ebbert, et al.*, M.D.Pa. Civil No. 1:19-cv-0761.